UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

KYLE WIEBEN, *et al.*,

Plaintiffs,

v.

NEVADA GOLD MINES LLC,

Defendant.

Case No. 3:24-cv-00575-MMD-CSC

ORDER

## I.    SUMMARY

Plaintiffs[1] bring this collective action against their former employer, Nevada Gold Mines LLC ("NGM"), asserting that NGM violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, and Nevada law by failing to compensate hourly employees for "off the clock" time riding mandatory NGM shuttles to mine sites and handling equipment, tools, and protective clothing outside their scheduled shifts. (ECF No. 1 ("Complaint").) The Court subsequently denied dismissal as to Plaintiffs' FLSA and certain state law claims; and granted dismissal as to Plaintiffs' Nevada shuttle-time claims with leave to amend.  (ECF No. 51 ("Dismissal Order").) Plaintiffs then filed the First Amended Class and Collective Action Complaint to amend their Nevada shuttle-time claims. (ECF No. 52 ("FAC").) NGG now moves again to dismiss Plaintiff's Nevada shuttle-time claims. (ECF No. 58 ("Motion").)[2] For the reasons explained below, the Court grants the Motion.

---

[1]Named Plaintiffs are Kyle Wieben and Austin Stockstill. (ECF No. 1.)

[2]Plaintiffs responded (ECF No. 62) and Defendant replied (ECF No. 63). Defendant subsequently filed a notice of supplemental authority. (ECF No. 77.) In response, Plaintiffs filed a motion for leave to respond to the notice. (ECF No. 78.) The Court denies Plaintiff's motion as moot because the Court does not consider the supplemental authority.

## II.     BACKGROUND

The Court incorporates the background discussion from the Dismissal Order. As relevant to the Motion, the FAC alleges that NGM failed to compensate Plaintiffs and other hourly employees for the time they were required to ride the shuttle bus—from a designated location ("a parking lot owned or leased by NGM") to their assigned mine sites and back. (ECF No. 51 at 2, 7-9.)  NGM required Plaintiffs to travel to and from the mine sites on these shuttle buses and did not allow Plaintiffs to use other means to access the job sites. (*Id.* at 11.) The buses operated on a specific schedule. (*Id.*) Plaintiffs spent about an hour and 20 minutes on the shuttle each way for a total of two hours and 40 minutes each day. (*Id.* at 13.) Plaintiffs assert class claims on behalf of shuttle time employees under Nevada law, "Shuttle Class Members," that cover "[a]ll hourly miners, electricians, and similar employees who worked for NGM in Nevada and who NGM required to ride a shuttle to their designated mine during the past 4 years through final resolution of this action." (*Id.* at 5.)

Based on these central allegations as to NGM's mandatory shuttle policy in the FAC, Plaintiffs assert claims under Nevada law for failure to pay for all hours worked, minimum wages, overtime wages, and all wages owed upon termination. (ECF No. 52 at 23-29.) NGM seeks dismissal of the shuttle-time claims under Nevada law, arguing that Plaintiffs failed to cure the deficiencies the Court identified in the Dismissal Order. (ECF No. 58.)

## III.     DISCUSSION

Because the FAC was filed with leave to amend, the Court will begin with the Dismissal Order. The Court granted "Plaintiffs leave to amend to replead facts supporting that NGM's shuttle pickup lots constitute work sites, such that after arrival at designated loading areas, Plaintiffs' time constitutes compensable work time." (ECF No. 52 at 8.) This is because the Court concluded that under Nevada law, travel does not qualify as time worked when it is between the employee's home and the "place of work" but travel between "different work sites during a workday" qualifies as time worked. (*Id.*

2

at 8-12.) The Court found that the allegations in the Complaint as to NGM's mandatory shuttle use policy—that Plaintiffs were required to meet at the designated parking lots owned or leased by NGM at the scheduled times, take the shuttle to and from the lots to the mine sites as the only means of transportation allowed, and show their employee identification badges to board the shuttles—are insufficient to plausibly state that the shuttle pick up sites qualify as a place of work to be compensable under Nevada law. (*Id*.)

The Court agrees with Defendant that the additional allegations as to the shuttle-time claims in the FAC are insufficient to state a claim. As Defendant points out, the FAC fails to allege plausible allegations to show that NGM required Plaintiffs to do any work or work-related tasks at the pick-up site or while on the shuttles. (ECF No. 58 at 8.) In response, Plaintiffs point to additional allegations about the pick-up sites' association with NGM, how the use of the shuttles benefit NGM and was mandatory with consequences to employees if they missed the shuttles, consequences for violating company rules while on the shuttles, and "work-related activities that took place on the shuttle." (ECF No. 62 at 3.) The Court addressed and rejected the former two categories of allegations in the Dismissal Order.[3] As for the latter two categories, the Court agrees with Defendant that the additional allegations are conclusory and fail to meet the pleading standard under *Twombly/Iqbal*.[4] (ECF No. 58 at 8.)

In particular, Plaintiffs rely on allegations in paragraphs 70 and 71 of the FAC. (ECF No. 62 at 3.) Paragraph 70 alleges that "Plaintiffs were subject to NGM company requirements and faced discipline and/or termination for violations of those

[3]Plaintiffs argue that the pick-up sites are "places of work" under Nevada law because they have alleged how the shuttle policy benefits NGM and the mandatory nature of the policy. (ECF No. 62 at 5-7.) But as Defendant points out (ECF No. 63 at 4-5), the Court previously rejected this argument. (ECF No 51 at 11-12.)

[4]*See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (holding that to withstand a Rule 12(b)(6) challenge, a plaintiff must allege facts to "nudge[] their claims across the line from conceivable to plausible"); *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009) (holding that a district court must accept as true all well-pled factual allegations in a complaint, while legal conclusions are not entitled to the assumption of truth).

requirements." (ECF No. 52 at 9.) But Plaintiffs do not allege what particular NGM requirements were imposed that would plausibly permit the inference that the pick-up sites were "places of work." Paragraph 71 alleges that "workplace announcements and/or instruction are sometimes delivered on the buses." (*Id.*) But Plaintiffs fail to allege any details about the content of the announcements or instructions or how they were issued. In sum, these two additional conclusory allegations are not enough for the shuttle-time claims to cross "the line from conceivable to plausible" to avoid dismissal. *See Twombly*, 550 U.S. at 570.

The Court accordingly grants the Motion. The Court further agrees with Defendant that dismissal should be with prejudice and without leave to amend given that the Court already permitted leave to amend and further amendment would be futile.

## IV.    CONCLUSION

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the Motion before the Court.

It is therefore ordered that Defendant's partial motion to dismiss (ECF No. 58) is granted. Plaintiffs' shuttle-time claims under Nevada law are dismissed with prejudice and without leave to amend.

It is further ordered that Plaintiffs' motion for leave to response to Defendant's notice (ECF No. 78) is denied as moot.

DATED THIS 12th Day of February 2026.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE

4