UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

KYLE WIEBEN, *et al.*,

Plaintiffs,

v.

NEVADA GOLD MINES LLC,

Defendant.

Case No. 3:24-cv-00575-MMD-CSD

ORDER

## I. SUMMARY

Plaintiffs[1] bring this collective action against their former employer, Nevada Gold Mines LLC ("NGM"), asserting that NGM violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, and Nevada law by failing to compensate hourly employees for all hours worked, including overtime and "off the clock" time. (ECF No. 52 ("Amended Complaint").) Before the Court is Plaintiffs' motion for conditional certification under 29 U.S.C. § 216(b) and issuance of Court-authorized notice. (ECF No. 65 ("Motion").)[2] For the reasons explained herein, the Court grants the Motion.

## II. BACKGROUND[3]

Plaintiffs initiated this lawsuit on October 22, 2024, alleging claims under FLSA and Nevada law. (ECF No. 1.) As pertinent to the Motion, Plaintiffs claim that NGM violated FLSA by failing to pay Plaintiffs and other hourly employees the proper rate of overtime pay: Plaintiffs allege that NGM pays them and other hourly employees non-discretionary bonuses, but NGM fails to factor these bonuses when calculating overtime

[1]Named Plaintiffs are Kyle Wieben and Austin Stockstill. (ECF No. 1.)

[2]Defendant responded (ECF No. 71) and Plaintiffs replied (ECF No. 74).

[3]As general background information, the Court incorporates the background section of its prior order granting in part and denying in part Defendant's motion to dismiss. (ECF No. 51 at 2-4.)

rates, resulting in unpaid wages. (ECF Nos. 52 at 22-23; 65 at 5.) Plaintiffs allege that other hourly employees are victimized by NGM's bonus pay scheme and are "similarly situated in the most relevant aspects" because NGM's pay policies are imposed on other hourly employees in the same manner. (ECF No. 52 at 17-18.) Other hourly employees are similarly situated notwithstanding differing work duties or locations because employees are entitled to their full pay. (*Id.* at 18-19.)

In the Motion, Plaintiffs ask the Court to approve conditional certification of the following putative collective members: "All hourly miners, electricians, and similar employees who received a nondiscretionary bonus and worked for NGM during the past 3 years through the final resolution of this Action (the 'Operation Hourly Employees')." (ECF No. 65 at 5.) Plaintiffs additionally ask the Court to approve issuance of its notice (ECF No. 65-1 ("Proposed Notice")) to putative collective members, and email and text communications regarding the Proposed Notice (ECF No. 65-2 ("Proposed Communications")). NGM objects to both conditional certification and the Proposed Notice. (ECF No. 71.) The Court will address each request in turn.

## III. DISCUSSION

### A. Conditional Certification

Plaintiffs argue that the putative collective members are similarly situated because they are subject to NGM's bonus policy, and because Plaintiffs have furnished sufficient allegations and evidence to meet the lenient standard at this stage for conditional certification. (ECF No. 65 at 10-13.) NGM essentially counters that Plaintiffs have no evidence to support their claims on the merits and that the proposed collective would transform the case into "mini-trials." (ECF No. 71 at 2-3.) The Court agrees with Plaintiffs.

"The FLSA is 'remedial and humanitarian in purpose.'" *Arias v. Raimondo*, 860 F.3d 1185, 1192 (9th Cir. 2017) (quoting *Tenn. Coal, Iron & R.R. Co. v. Muscoda Local No. 123*, 321 U.S. 590, 597 (1944)). "29 U.S.C. § 216(b) gives employees the right to bring a private cause of action on their behalf and on behalf of 'other employees similarly situated' for specified violations of the FLSA." *Genesis Healthcare Corp. v. Symczyk*, 569

U.S. 66, 69 (2013). Under section 216(b), "workers may litigate jointly if they (1) claim a violation of the FLSA, (2) are 'similarly situated,' and (3) affirmatively opt in to the joint litigation, in writing." *Campbell v. City of Los Angeles*, 903 F.3d 1090, 1100 (9th Cir. 2018); *see also* 29 U.S.C. § 216(b) ("No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought.")

Collective actions under section 216(b) and class actions under Federal Rule of Civil Procedure 23 are distinct and impose distinct requirements. *Campbell*, 903 F.3d at 1101. In a collective action, the district court "plays no [] gatekeeping role" and "'the sole consequence' of a successful motion for preliminary certification is 'the sending of court-approved written notice' to workers who may wish to join the litigation as individuals." *Id.* (quoting *Genesis Healthcare*, 596 U.S. at 75). The Ninth Circuit Court of Appeals employs a two-stage approach for collective actions, and only the first stage is relevant to the Motion.[4] *Id*. at 1109-10. At the first stage, around the pleading stage, plaintiffs move for preliminary certification, which requires "a preliminary determination that the collective as defined in the complaint satisfies the 'similarly situated' requirement of section 216(b)." *Id.* at 1009. In *Campbell,* the Ninth Circuit noted the lack of an established test or definition for FLSA's similarly situated requirement and held that party plaintiffs are similarly situated where "they share a similar issue of law or fact material to the disposition of their FLSA claims." *Id.* at 1111-16, 1117 (reviewing and rejecting other interpretations of "similarly situated"). The standard of review is "lenient," "loosely akin to a plausibility standard" and the district court's analysis typically focuses on the pleadings, but it may consider declarations or limited other evidence. *Id*. at 1109 (collecting cases).

---

[4]Here, the parties are at the first stage, because they recently had a Rule 26(f) conference on June 30, 2026, and the discovery deadline is February 25, 2027. (ECF Nos. 88, 89.) The second stage occurs at or after the close of discovery, if the collective action passed the first stage, at which point the employer can move to decertify the class. *Campbell*, 903 F.3d at 1109.

The Court finds that Plaintiffs satisfy the requirements for conditional certification at this stage because they met their burden of showing that the putative collective is similarly situated for the sake of the FLSA claim. Indeed, Plaintiffs plead in their Amended Complaint a list of ten questions of common law and fact shared by Plaintiffs and other hourly employees, including, "[w]hether NGM's shift rate pay scheme deprived the Hourly Employees of overtime when they worked more than 40 hours in a week," "[w]hether NGM's bonus pay scheme deprived the Hourly Employees of overtime at the required rate, based on all renumeration, when they worked more than 40 hours in a workweek," and "[w]hether NGM's violations were willful." (ECF No. 52 at 20.) Additionally, with the Motion, Plaintiffs provide their own declarations, and declarations from other putative collective members, indicating that NGM did not correctly calculate their overtime rate and pay. (ECF Nos. 65-3, 65-4, 65-5, 65-6.) Moreover, Plaintiffs provide exhibits of paystubs purporting to show that NGM failed to calculate the proper rate of overtime. (ECF Nos. 65-7; 65-8; 65-9; 65-10.) The Court agrees with Plaintiffs that they have met the lenient standard of review. Plaintiffs have shown that the putative collective members meet FLSA's similarly situated requirement.

NGM insists that the Court should deny the Motion, but its arguments are unpersuasive. First, NGM cites to a pre-*Campbell* district court case[5] to invoke a stricter definition of "similarly situated," and asserts that the collective is not similarly situated because the Court would have to make individualized determinations as to evidence. (ECF No. 71 at 5-7.)[6] But the Ninth Circuit clearly defines the similarly situated requirement in *Campbell*, and as discussed above, Plaintiffs have satisfied it. Next, NGM argues the Court must deny the Motion because Plaintiffs have submitted no evidence of a common policy, nor evidence that they were underpaid. (ECF No. 71 at 7-8.) But

---

[5](ECF No. 71 at 5 (citing *Campbell* but quoting *Hinojos v. Home Depot, Inc.*, No. 2:06-cv-00108, 2006 WL 3712944, at *2 (D. Nev. Dec. 1, 2006) for the legal standard).)

[6]Indeed, all but two of the cases that NGM cites in support of its argument that Plaintiffs have failed to meet the similarly situated requirement pre-date *Campbell.* (ECF No. 71 at 6 & n.3 (collecting cases).)

Plaintiffs allege that NGM subjects other hourly employees to the same bonus pay scheme and does not pay the proper amount of overtime. (ECF No. 52 at 5-6). And, as Plaintiffs point out, they *did* provide evidence in the form of affidavits and paystubs.[7] NGM asserts that Plaintiffs' proposed collective should be denied because it is overbroad[8] and could contain hundreds of uninjured members, citing to *Olean Wholesale Grocery Coop., Inc. v. Bumble Bee Foods LLC*, 31 F.4th 651, 669 (9th Cir. 2022). (*Id.* at 10-11.) But *Olean* concerns class certification under Rule 23, not collective actions under FLSA, and the Court agrees with Plaintiffs that this issue is not appropriate for the Court to consider at this stage of litigation. (ECF No. 74 at 6-7); *see also Robinson v. Maricopa Cnty. Special Health Care Dist.*, 696 F. Supp. 3d 769, 782 (D. Ariz. 2023).

While an overbroad collective class is not fatal to conditional certification, the Court notes NGM's objection that "Plaintiffs' proposed collective would include employees who *never worked overtime* and were therefore uninjured under Plaintiffs' theory." (ECF No. 71 at 10.) Because Plaintiffs' FLSA claim for failure to pay overtime wages necessarily only applies to employees who worked overtime, the Court finds that this objection is valid. Plaintiffs do not respond expressly to this argument. Accordingly, the Court finds it

[7]NGM argues in gist that Plaintiffs do not understand pay computation and an employer's obligation as to paystub calculation under FLSA. (ECF No. 71 at 9-10.) But the Court need not consider this argument on the merits, nor NGM's other arguments on the merits, at this time. *See Herrera v. EOS IT Mgmt. Sols., Inc.*, No. 20-CV-01093-LHK, 2020 WL 7342709, at *8 (N.D. Cal. Dec. 14, 2020) (explaining that "[c]ourts in this circuit have routinely granted conditional certification even where Defendants produce competing declarations challenging Plaintiffs' allegations" and although defendants' evidence may "later negate [the plaintiffs'] claims, that should not bar conditional certification at the first stage.")

[8]NGM also argues that proposed collective may include union employees covered by a collective bargaining agreement ("CBA") with an arbitration clause (ECF No. 71 at 10-11). Plaintiffs dispute the validity and applicability of the CBA and note that this is the first time NGM has ever mentioned a CBA. (ECF No. 74 at 7 & n.8.) The Court rejects NGM's argument because the "[i]ssues regarding the applicability and validity of an arbitration agreement are [] fact intensive and individualized." *Harrington v. Cracker Barrel Old Country Store, Inc.*, 142 F.4th 678, 684 (holding that "where the existence and validity of an arbitration agreement remains in dispute, a district court is not required to rule on the arbitrability of absent employees' claims prior to authorizing notice [of a collective action]. Instead, the district court may reserve that determination until after the prospective plaintiffs have, in fact, opted into the litigation.").

appropriate to exercise its substantial discretion[9] to modify the collective class definition as follows: "All hourly miners, electricians, and similar employees who received a nondiscretionary bonus, worked in excess of 40 hours during at least one workweek, and worked for NGM during the past 3 years through the final resolution of this Action (the 'Operation Hourly Employees')."

In sum, the Court finds that Plaintiffs have met their burden as to the similarly situated requirement of FLSA and will grant their Motion as to conditional certification. To the extent NGM may have colorable concerns as to the need for individualized determinations regarding the evidence and the broadness of the collective, NGM may later file a motion for decertification at or near the conclusion of discovery.[10]

**B. Proposed Notice**

The Court now turns to Plaintiffs' Proposed Notice. After a collective action has been conditionally certified, a court may authorize a plaintiff's request to send notice to potential plaintiffs and set a deadline for potential plaintiffs to opt-in. *See Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1064 (9th Cir. 2000). NGM raises several objections to the Proposed Notice, which the Court addresses in turn. (ECF No. 71 at 13-18.)

First, NGM argues that the Court should exercise its discretion to prevent confusion that will arise from the Proposed Notice, given that Plaintiffs state in their Motion that they intend to file motions for their other claims. (ECF No. 71 at 13-14 & n.5 (quoting

[9]*See Campbell*, 903 F.3d at 1110 ("In the absence of any statutory directive, the proper means of managing a collective action—the form and timing of notice, the timing of motions, the extent of discovery before decertification is addressed—is largely a question of 'case management,' and thus a subject of substantial judicial discretion.") (citation modified); *see also Gonzalez v. Diamond Resorts Int'l Mktg., Inc.*, No. 2:18-cv-00979-APG-CWH, 2019 WL 3430770, at *7 (D. Nev. July 29, 2019) (granting conditional certification and ordering Plaintiff to modify the collective class definition).

[10]*See Campbell*, 903 F.3d at 1109, 1117 ("The district court may be able to decertify where conditions make the collective mechanism truly infeasible, but it cannot reject the party plaintiffs' choice to proceed collectively based on its perception of likely inconvenience.")

ECF No. 65 at 6 & n.1).)[11] NGM argues that multiple notices would cause confusion. For example, "[a] worker who chose **not** to opt-in to a FLSA collective may incorrectly assume that no further action is required to avoid inclusion in a Rule 23 class." (*Id*. at 14.) Plaintiffs counter that their counsel has a large support staff equipped to handle inquiries, and that courts routinely separate class and collective action notices. (ECF No. 74 at 9 (collecting cases).) The Court agrees with Plaintiffs. The Court need not require Plaintiffs to issue only one notice.

Second, NGM argues that Plaintiffs' collective is overinclusive and unclearly defined. NGM argues that the term "miner" has a specific definition under the Mine Safety and Health Administration regulations, which includes independent contractors, but the FLSA does not cover independent contractors. NGM also takes issue with the terms "electrician" and "similar employees," arguing that electrician could "mean a certified electrician *or* an uncertified worker who works on electrical equipment" and there is no limit to "similar employees." (ECF No. 71 at 14-15.) Plaintiffs counter that NGM's electrician distinction underscores why "similar employee" was proposed, and that the term is not limitless—it clearly does not cover administrative or office workers. Here too, the Court agrees with Plaintiffs, and notes its earlier discussion around the broadness of a collective at the initial stage of conditional certification.

Third, NGM argues that the Proposed Notice is improper because it references claims that are not relevant to the FLSA claim. For example, the Proposed Notice describes this action as a "Collective action lawsuit seeking unpaid overtime and back wages," which is broader than Plaintiffs' FLSA claim tied to bonus payments. (ECF No. 71 at 15-16.) Plaintiffs counter that the language does not overstate the nature of the claim and it is not prejudicial. The Court agrees. While Plaintiffs are only granted conditional certification as to their FLSA claim, the Proposed Notice is not improper

---

[11]Since Plaintiffs bring only one FLSA claim (ECF No. 52 at 23-24) and the remaining claims are state law claims (*id.* at 24-29) alleging other putative members under Rule 23, the Court understands Plaintiffs' reference to "appropriate motions" as a motion for class certification.

because it provides information that pertains to the lawsuit, and NGM cites to no authorities stating otherwise.

Fourth, NGM insists that the Proposed Notice is improper because it uses language such as “unpaid overtime” rather than “underpaid” and states that putative plaintiffs have “legal rights.” The Court agrees with Plaintiffs that these arguments are meritless, and notes that the Proposed Notice states that the lawsuit “may affect [the recipient’s] legal rights.” (ECF No. 65-1 at 2.) NGM also objects that Plaintiffs’ Proposed Notice is deficient because does not give a full description of NGM’s defenses: “NGM denies that it violates or has violated the FLSA, denies the allegations, and maintains that it has paid all of its workers appropriately as required by federal law.” (ECF Nos. 71 at 16-17; 65-1 at 3.) Such notice is not improper. *See Dualan v. Jacob Transportation Servs., LLC*, 172 F. Supp. 3d 1138, 1150 (D. Nev. 2016) (finding adequate “[defendant] denies that it violated the FLSA and claims that the shuttle-bus drivers were properly paid under the FLSA's minimum-wage and overtime provisions and other applicable laws.”).

Fifth, NGM argues that the Proposed Notice is misleading due to its description of the Court’s determinations so far. In relevant part, the Proposed Notice states: “The Court has taken no position regarding the merits of the claims or defenses at issue but has ordered that this notice be sent. . . .” (ECF No. 65-1 at 2.) NGM requests the addition of the following to avoid prejudice to it: “This notice is not an expression of any opinion by the court about the merits of any claims asserted by the plaintiffs or defenses asserted by the defendant as this is ongoing litigation and those issues have not yet been decided.” The Court agrees with NGM that the Proposed Notice may be misleading as to the Court and instructs Plaintiffs to add this language. *See Dualan*, 172 F. Supp. 3d at 1150-51.

Lastly, NGM argues that Plaintiffs should not be permitted to send Proposed Communications via text message because Plaintiffs have shown no necessity for the text message notice and texts incur charges to recipients. (ECF No. 71 at 17-18.) Plaintiffs counter that the Proposed Communications are appropriate given the overarching goal of providing notice to further the FLSA’s remedial purpose and would result in a maximum

of two text messages. (ECF No. 74 at 12.) Accepting Plaintiffs' representation that recipients would receive a maximum of two text messages, the Court will permit Plaintiffs to issue the Proposed Communications because they are not overly intrusive or expensive.

## IV. CONCLUSION

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the motion before the Court.

It is therefore ordered that Plaintiffs' motion for conditional certification under 29 U.S.C. § 216(b) and issuance of Court-authorized notice (ECF No. 65) is granted. The collective, as defined in this Order, is conditionally certified.

It is further ordered that Plaintiffs must amend the Proposed Notice as described in this Order.

It is further ordered that the parties must meet and confer to review the amended proposed notice and verify that it complies with this Order. The parties must file a status update with the Court confirming the same within 15 days of the date of entry of this Order.

DATED THIS 14th Day of August 2026.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE