**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

KYLE WIEBEN and AUSTIN STOCKSTILL, Individually and on Behalf of Others Similarly Situated,

Plaintiffs

v.

NEVADA GOLD MINES, LLC,

Defendant

Case No.: 3:24-cv-00575-MMD-CSD

**Order**

Re: ECF No. 96

Before the court is Defendant Nevada Gold Mines' (NGM) Motion for a Protective Order.[1] (ECF No. 96.) The motion asks the court to deem all of NGM's pay and time records confidential, arguing that disclosing these records to the public would give competitors an unfair business advantage. For the reasons below, the court concludes that NGM has not carried its burden to establish the necessity of a protective order. Thus, the court denies NGM's motion.

## I. BACKGROUND

This action arises out of NGM's alleged violations of the Fair Labor Standards Act (FLSA) [29 U.S.C. § 201 et seq]. Plaintiffs Kyle Wieben and Austin Stockstill, former employees of NGM, bring this class action suit against NGM for allegedly failing to compensate hourly employees for performing various job duties. (ECF No. 1.) Those tasks included: meeting with counterparts to discuss pressing concerns, gathering tools, and donning safety gear—all

[1] NGM originally titled its submission as a proposed protective order. Because the proposed order contained argument over a contested issue, the court issued an order informing the parties that it would construe NGM's submission as a motion for a protective order. (ECF No. 97.)

while off the clock. (*Id.* at ¶ 58.) According to Plaintiffs, evidence of this alleged scheme can be found in NGM's business and payroll records. (*Id.* at ¶¶ 150–52, 169.)

On August 18, 2026, NGM filed a motion for a protective order, asking the court to designate all of its pay and time records as confidential, including those records belonging to Plaintiffs and any present or future plaintiffs that may opt-in to this class action. (ECF No. 96.) Plaintiffs propose a different solution: They ask the court to designate as confidential only the pay and time records belonging to non-plaintiff employees. (*See* ECF No. 99 at 5.) Put differently, Plaintiffs ask the court not to allow the concealment of their own pay and time records. Additionally, Plaintiffs offer to redact any personal information found in those records. (*Id.*)

## II. DISCUSSION

"As a general rule, the public is permitted 'access to litigation documents and information produced during discovery.'" *In re Roman Cath. Archbishop of Portland in Oregon*, 661 F.3d 417, 424 (9th Cir. 2011). However, "for good cause" the court may enter a protective order "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . . forbidding the disclosure." Fed. R. Civ. P. 26(c)(1)(A). The parties can also stipulate to a protective order, pursuant to which parties may designate material as confidential and thus shielded from public view. However, if one side seeks to remove the confidentiality designation, the party opposing disclosure bears the burden of showing "good cause to continue the protection of the discovery material." *In re Roman Cath. Archbishop*, 661 F.3d at 424. Good cause "requires a showing 'that specific prejudice or harm will result'" from public disclosure of the information. *See id.*

When a party seeks to enforce a confidentiality designation, the court must first determine whether "particularized harm will result from disclosure of information to the public." *Id.* If so, the court must next "balance 'the public and private interests to decide whether [maintaining] a protective order is necessary.'" *Id.*

At the outset, NGM fails to show that it would suffer a particularized harm if the court does not deem the contested materials confidential. NGM asserts that public disclosure of employees' pay and time records "could be immensely valuable to [its] competitors" and could "offer competitors substantial insight, and therefore a competitive advantage, into NGM's operating costs, labor costs, and productivity." (ECF No. 96 at 2.) It adds that "competitors would be able to poach some of NGM's best and brightest employees by determining those roles and/or locations that are vulnerable." (ECF No. 100 at 4.)

NGM fails to satisfy Rule 26(c) because it asserts only "[b]road allegations of harm." *Fierro Cordero v. Stemilt AG Servs., LLC*, 142 F.4th 1201, 1207 (9th Cir. 2025) (citing *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992)). NGM's fear of losing a competitive edge, rests entirely on the premise that competitors "could" or "would" exploit the information contained in the contested records. But NGM does not support this assertion with reasonably "specific examples" of potential competitor meddling. *Id.* For instance, NGM does not identify any specific competitor that is likely to exploit its pay and time records. NGM does not explain whether exploiting similar records is a common tactic used by competitors in the industry. Nor does NGM specify which particular pay and time records (or any specific information contained in these records) are most prized by competitors.

Courts have rejected similarly undefined concerns of competitive interference when considering whether to grant a motion for a protective order. In *Walsh v. Unforgettable Coatings,*

*Inc.*, an FLSA defendant asked the court to mark business documents used to calculate employee wages as confidential, arguing that "a non-party [had] been using information in 'public filings'" to make harmful accusations. No. 220CV00510KJDDJA, 2021 WL 3514737, at *2 (D. Nev. Aug. 9, 2021), *aff'd*, No. 220CV00510KJDDJA, 2022 WL 718463 (D. Nev. Mar. 10, 2022). The court rejected that argument, concluding that defendant's position relied on an unsupported theory that "an unidentified third party [had] been using unidentified 'public filings'" to make damaging accusations. *Id.* at *5. NGM's assertions are similarly vague and undefined: It does not identify a particular competitor that may be hunting for Plaintiff's pay and time records. Nor does it identify any particular record (or any specific information contained therein) that competitors would be most likely to exploit.

Next, even if NGM alleged a particularized harm, it has not demonstrated good cause sufficient to overcome the public's right of access to litigation documents. Respect for the public's right to access requires parties to narrowly tailor their requests to shield litigation materials from disclosure. *See id.* at *6. When considering whether a party's request sweeps too broadly, courts often consider whether the materials sought to be deemed confidential are central to deciding a case *See id.*; *see also Sec'y of Lab., United States Dep't of Lab. v. Valley Wide Plastering Constr. Inc.*, No. CV-18-04756-PHX-GMS, 2020 WL 5439463, at *2 (D. Ariz. Sept. 10, 2020).

Here, NGM's request—that all pay and time records be deemed confidential—is not narrowly tailored. NGM asks the court to categorically deem the records confidential without regard for whether the disclosure of any individual record would cause harm. Such a sweeping request cannot overcome the public's right of access when the wage records at issue here are central to resolving this FLSA dispute. Nor is NGM's position narrowly tailored considering

Plaintiffs' reasonable compromise: that only the records of non-plaintiff employees be considered confidential.

NGM argues that its pay and time records must be designated as confidential because courts routinely conceal materials that could give business competitors an unfair advantage. (ECF No. 100 at 4–5.) It is true that "[s]alary information… has long been recognized as potentially sensitive in a competitive labor market." *Cypress Semiconductor Corp. v. Maxim Integrated Prods., Inc.*, 236 Cal. App. 4th 243, 263 n.11, 186 Cal. Rptr. 3d 486, 503 n.11 (2015). Likewise, courts have agreed to conceal documents "contain[ing] commercially sensitive information that could disadvantage" a party if the documents were disclosed to the public. *EnvTech, Inc. v. Rutherford*, No. 321CV00048MMDCLB, 2023 WL 8716599, at *10 (D. Nev. Dec. 18, 2023). But these cases do not articulate a categorical rule barring the disclosure of commercially advantageous materials. NGM has not shown that these cases supplant the balancing test that the court has applied above. And because NGM fails that test, its motion must be denied.

## III. CONCLUSION

**IT IS THEREFORE ORDERED** that NGM's motion for a protective order (ECF No. 96) is **DENIED**.

**IT IS SO ORDERED**.

Dated: October 16, 2026

Craig S. Denney
United States Magistrate Judge